# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, COLORADO<br><br>1437 Bannock Street<br>Denver CO 80202 | DATE FILED: October 28, 2019 11:06 AM<br>FILING ID: A5A3FFC7B6168<br>CASE NUMBER: 2019CV34131 |
| | σ **COURT USE ONLY** σ |
| **Plaintiff:**   BRIANA SEVERINE<br><br>v.<br><br>**Defendants:** ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY | Case Number:<br><br>Division: |
| ATTORNEYS FOR PLAINTIFF:<br><br>Robert M. Baldwin, Esq.<br>Michelle B. Cortes, Esq.<br>Baldwin Law, LLC<br>66 W. Springer Drive, Suite 306<br>Highlands Ranch, Colorado 80129<br>Phone:  (303) 736-8846<br>Fax:      (720) 638-7056<br>Email:   Rob@RobBaldwin.law;<br>Michelle@RobBaldwin.law<br>Atty. Reg. Nos. 13138; 51980 | |
| **COMPLAINT AND JURY DEMAND** | |

    Plaintiff Briana Severine, by her attorneys, for her Complaint and Jury Demand against Defendant Anthem Blue Cross Life and Health Insurance Company, states and alleges the following:

## PARTIES, JURISDICTION AND VENUE

1. This is an insurance case arising from Defendant's improper denial of payment for medical bills.

2. Plaintiff Briana Severine is a resident of Denver, Colorado.

1

3. Defendant Anthem Blue Cross Life and Health Insurance Company is a health insurer which, at all pertinent times, conducted business of insurance within Colorado.

4. Plaintiff was insured under a health insurance policy issued by Defendant to Plaintiff in Denver, Colorado.

5. Plaintiff paid all applicable insurance premiums and met or substantially complied with all conditions precedent for coverage.

6. Defendant violated Plaintiff's rights by denying her claim for health insurance benefits, arbitrarily and capriciously denied such benefits, or abused its alleged discretion by denying her claim for such benefits.

7. Venue and jurisdiction is proper in this Court.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates the allegations contained in paragraphs 1 through 7 above as if fully set forth herein.

9. Plaintiff underwent an x-ray of her cervical spine after experiencing persistent pain in her neck.

10. The x-ray revealed disc height loss at C5-6.

11. Still in pain, Plaintiff underwent an MRI, which revealed a herniated disc at C5-6, causing spinal cord compression.

12. Plaintiff's pain radiated down her shoulder, into her forearm and thumb. She reported 9 out of 10 pain. It was so intense, she could not even lay flat to sleep.

13. Plaintiff attempted conservative measures, including acupuncture, physical therapy, cupping, and anti-inflammatories—to no relief.

14. She then underwent an urgent C5-6 discectomy with an artificial disc replacement, which successfully alleviated her pain and spinal cord compression.

15. Despite the obvious need for this surgery, Defendant denied coverage, asserting that it lacked sufficient facts to determine whether the surgery was medically necessary.

16. In response, Plaintiff's surgeon wrote an appeal letter.

17. In his letter, Plaintiff's surgeon detailed why the surgery was medically necessary—because Plaintiff suffered from a herniated disc, causing her radiculopathy, limb weakness, and diffuse neck pain.

18. Plaintiff also wrote an appeal letter. She explained that she suffered from daily 8 out of 10 to 10 out of 10 pain; was not able to lay flat; could not sleep; experienced nerve pain on the right side of her body, including numbness and a "dead feeling" in her arm; could not walk more than a few steps; and missed several weeks of work. She also listed the conservative treatments she underwent, including pain medication, acupuncture, massage, needle trigger point therapy, and osteopathic manipulation.

19. Thereafter, Defendant approved coverage for Plaintiff's surgery, as it should have done to begin with.

20. Despite this approval, Defendant proceeded to improperly deny her claim again. In doing so, Defendant alleged, without providing any supporting rationale or documentation, that the medical bills exceeded the "usual and customary amount."

21. This occurred even though the amount of Plaintiff's medical bills were, in fact, in and of themselves, evidence of their reasonable value. *Dedmon v. Continental Airlines, Inc.*, 2016 WL 471199 (D.Colo.) at *7; and *Stanley v. Walker*, 906 N.E2d 852, 856 (Ind. 2009).

22. But Defendant failed to disclose or even pay the amount which it might have considered to be the "usual and customary amount." Instead, Defendant refused to pay anything at all.

23. Plaintiff continued to request payment of her claim, including providing an expert opinion that the amount of her medical bills were actually less than the usual and customary amount for such services, but Defendant continued to refuse to pay her claim.

## CLAIMS HANDLING

24. Upon information and belief, Defendant denied Plaintiff's claim while operating as both insurer and administrator of the plan. *See Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1282 (10th Cir. 2002).

25. In its denial letters, Defendant failed to give actual notice of the judicial filing requirement for judicial appeal, thus tolling any limitation period. *See Walden v. Metropolitan Life Ins. Co. of America, Inc.*, 75 F. Supp. 3d 1320, 1327 (D. Colo. 2014); *Mirza v. Insurance Administrator of America, Inc.*, 800 F.3d 129, 130-31 (3rd Cir. 2015); *Moyer v. Metropolitan Life Ins. Co.*, 762 F.3d 503, 506 (6th Cir. 2014); *Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 679-80 (1st Cir. 2011).

26. Defendant also failed to provide Plaintiff with requested documents, which it is required by law to produce.

27. For instance, Plaintiff requested a copy of all documents and files relating to her claim. See C.F.R. § 2560.503-1(h)(2)(iii) ("a claimant *shall* be provided, upon request and free

3

of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits") (emphasis added).

28. Defendant has failed to produce these documents.

29. Plaintiff also requested a complete copy of all documents relating to Plaintiff's plan pursuant to 29 U.S.C. § 1132(c)(1) (an administrator who fails to produce such documents may be liable for up to $100 per day from the date of such failure).

30. Defendant has also failed to produce these documents.

31. As a proximate result of Defendants' conduct, Plaintiff has suffered damages and losses, including:

    a. Unpaid medical bills;

    b. Pre-judgment, post-judgment, and moratory interest;

    c. Attorney's fees and costs; and

    d. Withholding of plan documents.

## **FIRST CLAIM**
(De Novo Review)

32. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

33. Pursuant to 29 USC § 1132(a)(a)(B), Plaintiff is entitled to bring this lawsuit to recover benefits due to her and to enforce her rights under the health insurance policy.

34. Pursuant to Section 10-3-1116(2) C.R.S., Defendant shall not act with discretion to interpret the terms of the health insurance policy or to determine eligibility for benefits.

35. Pursuant to Section 10-3-1116(3) C.R.S., Plaintiff has a right to have her claim reviewed de novo by a court or a trial by jury, including the right to present additional evidence outside of the administrative record. *Kohut v. Hartford Life and Accident Ins. Co.*, 710-F.Supp.2d 1139, 1147 (D.Colo. 2008); and *McLenahan v. Metropolitan Life Ins. Co.*, 621 F.Supp.2d 1135, 1139-41 (D.Colo. 2009).

36. Defendant's denial of benefits violated Plaintiff's rights under both statute and the health insurance policy, for which Defendant is liable.

37. Defendant's denial of benefits has proximately caused damages to Plaintiff.

Wherefore, Plaintiff prays for relief as set forth in the Prayer for Relief below.

## SECOND CLAIM
(Arbitrary & Capricious Review)

38. Plaintiff incorporates the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39. In the alternative, Defendant's denial of benefits was arbitrary and capricious, an abuse of discretion, or otherwise wrongful.

40. Defendant's denial of benefits violated Plaintiff's rights under both statute and the health insurance policy, for which Defendant is liable.

41. Defendant's denial of benefits has proximately caused damages to Plaintiff.

Wherefore, Plaintiff prays for relief as set forth in the Prayer for Relief below.

## THIRD CLAIM
(Wrongful Withholding of Requested Plan Documents)

42. Plaintiff incorporates the allegations contained in paragraphs 1 through 41 above as if fully set forth herein.

43. Plaintiff requested all documents related to her plan pursuant to 29 U.S.C. § 1024(b)(4), including the summary plan description, annual report, bargaining agreement, trust agreement, contract, or any other instruments under which the plan is established or operated.

44. Defendant is required to produce these documents within 30 days of request. 29 U.S.C. § 1132(c)(1).

45. Defendant failed to provide such documents. Such failure subjects Defendant to monetary penalties under 29 U.S.C. § 1132(c)(1).

46. Plaintiff is entitled to recover such monetary penalties from Defendant.

Wherefore, Plaintiff prays for relief as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Briana Severine prays that this Court enter judgment in her favor and against Defendant, and award Plaintiff's damages as follows:

a. Insurance benefits owed under the health insurance policy;

b. Pre-judgment, moratory, and post-judgment interest;

    c. Attorney's fees and costs; and

    d. Such other and further relief as this court deems just, proper or equitable.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF SIX ON ALL ISSUES SO TRIABLE.

Respectfully submitted this 28th day of October, 2019.

*In accordance with C.R.C.P. §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by the other parties or the court upon request.*

*/s/ Robert M. Baldwin*

_____
Robert M. Baldwin, No. 13138
Michelle B. Cortes, No.51980
BALDWIN LAW, LLC

*ATTORNEYS FOR PLAINTIFF*

<u>Plaintiff's Current Address</u>:
2463 S. Raleigh Street
Denver, CO 80219

6