IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03301-RM-MEH

BRIANA SEVERINE,

    Plaintiff,

v.

ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant has filed a Motion to Dismiss and Motion to Strike Jury Demand ("Motion to Dismiss"). ECF 16. In it, under Fed. R. Civ. P. 12(b)(6), Defendant argues Plaintiff's failure to plead exhaustion of administrative remedies, failure to state a claim under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1332(c), and the lack of entitlement to a jury trial under ERISA. Plaintiff has conceded the latter two of these contentions, leaving only the issue of exhaustion of remedies. For the following reasons, I recommend that the Honorable Raymond P. Moore deny the Motion to Dismiss for failure to plead exhaustion.

### BACKGROUND

The following facts are undisputed unless otherwise noted.[1] Plaintiff had surgery on December 30, 2016. Initially, Defendant had denied coverage of that surgery on December 23,

---

[1] Plaintiff's Complaint lacks dates, but in their briefing neither party disputes the dates referenced here. They are identified here for reference purposes only and are not material to my Recommendation.

2016.  In the Complaint, Plaintiff alleges that she and her surgeon appealed the denial decision. Compl. ¶¶ 16, 18, ECF 5.  Defendant reversed itself and determined that there was coverage on March 15, 2017, but in a document dated April 13, 2017, denied any amount over $2,991.00. Plaintiff contends she appealed that decision, and on June 28, 2017, Defendant issued a written document affirming its prior decision and stating that "all levels of [its] appeal process have been exhausted." ECF 38-1.[2]  The Complaint does not explicitly aver that Plaintiff appealed this last decision, but it does allege that after the June 28, 2017 decision, she "continued to request payment of her claim . . . but Defendant refused to pay her claim." *Id.* ¶ 23, ECF 5 at 4.  The parties agree that the Defendant's decision that is being appealed here occurred on June 28, 2017.  They disagree whether Plaintiff has pleaded exhaustion of remedies.

Plaintiff's health care plan ("the Plan") provides that a lawsuit may be brought upon the passage of sixty days after the appeal process has been completed.  Defendant states that its appeal process is governed by the language of the Plan (emphasis in original): "A *covered person*, or the *covered person's* authorized representative, may request a review of a denied claim by making written request to the *named fiduciary* within one hundred eighty (180) calendar days from receipt of notification of the denial and stating the reasons the *covered person* feels the claim should not have been denied." ECF 16-1 at 60.  Defendant alleges that Plaintiff did not plead exhaustion of remedies for the June 28, 2017 final denial.  Plaintiff alleges she did and, in the event it was not clear, Plaintiff's Response to the Motion to Dismiss attaches documents that attempt to show she did.

---

[2]Plaintiff contends that the June 28, 2017 decision letter specifically addressed an appeal that Plaintiff had made.  Defendant disputes Plaintiff's position, arguing that the June 28, 2017 denial letter addressed an appeal by Plaintiff's surgeon, not by Plaintiff herself.

## **LEGAL STANDARDS**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and citation omitted).

## ANALYSIS

I.  **Pleading Exhaustion of Administrative Remedies**

The Tenth Circuit has found that, although ERISA does not have a statutory exhaustion requirement, as a matter of judicial discretion, exhaustion is required prior to bringing a civil suit under ERISA, 29 U.S.C. § 1132, to recover benefits under the Plan. *Rando v. Standard Ins. Co.*, 182 F.3d 933 (Table), 1999 WL 317497 at *2 (10th Cir. May 20, 1999). A court can waive exhaustion "(1) when appeal to the review process would be futile, or (2) when the plan remedy is inadequate." *Id.*

Plaintiff does not seek waiver of exhaustion but contends that she *did* exhaust her claim. I agree with Defendant, upon an examination of the Complaint, that Plaintiff has not *explicitly* pleaded exhaustion of the June 28, 2017 decision, as she did for Defendant's earlier denial. However, exhaustion as a matter of judicial discretion, unlike statutory exhaustion, is not jurisdictional. *E.g.*, *Stampone v. Walker*, 722 F. App'x 246, 249 n.3 (3d Cir. 2018); *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 546 F. App'x 2, 5 (2d Cir. 2013); *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 n.2 (9th Cir. 2008); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). Rather, lack of exhaustion is an affirmative defense, and a plaintiff generally need not plead facts to overcome such a defense. *Stampone*, 722 F. App'x 249 n.3 (citing *Jones v. Bock*, 549 U.S. 199, 212-12 (2007)).

I believe that in the Tenth Circuit, the law is clear that a plaintiff is not required to plead facts

4

that overcome an affirmative defense in order to avoid Rule 12(b)(6) dismissal. *Rivero v. Bd. of Regents of Univ. of New Mexico*, 950 F.3d 754, 759–60 (10th Cir. 2020) ("A plaintiff has no burden to anticipate an affirmative defense and plead facts negating it.") (employment case); *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (noting under the Prison Litigation Reform Act that "[f]ailure to exhaust is an affirmative defense; a plaintiff is not required to plead or demonstrate exhaustion in the complaint."). *See also Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982, 1005 (D. Kan. 2018) ("[I]f presented with the question, [the Tenth Circuit] would conclude that ERISA's exhaustion requirement is not jurisdictional, but instead is an affirmative defense, and that a plaintiff need not plead exhaustion to survive a Rule 12(b)(6) motion to dismiss."). *Cf. Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir. 1990) (discussing without comment that defendant in ERISA case raised affirmative defense of failure to exhaust).

That a plaintiff is not required, in the complaint, to overcome an affirmative defense is not the end of the matter. It is possible that, in a case involving an affirmative defense, the complaint actually pleads facts confessing the affirmative defense. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("To be sure, on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."); *see also Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."), *cited in Bistline v. Parker*, 918 F.3d 849, 889 (10th Cir. 2019). This is true in ERISA cases as well. "Of course, even if a plaintiff need not plead ERISA exhaustion, a complaint may still be subject to

5

dismissal if lack of exhaustion is apparent on its face. *See Jones*, 549 U.S. at 215-16 . . . . In this case, however, [plaintiff] did not plead facts affirmatively ruling out the possibility of exhaustion." *Stampone*, 722 F. App'x 249 n.3.

The Complaint here does not plead facts ruling out exhaustion. Defendant's contractual exhaustion requirement under the Plan requires that Plaintiff *or* a representative "request a review of a denied claim by making written request." Plaintiff pleads that after the June 28, 2017 denial (again, a date not explicitly mentioned in the Complaint but not disputed by the parties), she continued to request payment and Defendant refused. She also adopts her surgeon's appeal as her own. Although Defendant disputes that the June 28, 2017 denial related to an appeal by Plaintiff (asserting instead that it related to an appeal by her surgeon and that the Plan explicitly permits a separate appeal by a medical care provider), these matters are outside the pleading and are contested by the parties. As noted by the Defendant, the district court should decide a Rule 12(b)(6) motion based on the allegations in the Complaint. Reply 4, ECF 42. Therefore, it would not be appropriate for the Court to decide this factual dispute under a Rule 12(b)(6) analysis.

In reliance solely on the operative pleading, because the Complaint does not to a certainty foreclose the possibility that Plaintiff has exhausted her remedies, the matter is better left for summary judgment. *Bistline*, 918 F.3d at 876 n.12. Therefore, I respectfully recommend that Judge Moore deny the Motion to Dismiss without prejudice insofar as it seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to plead exhaustion of administrative remedies.

## II. Failure to Comply with Contractual Limitations Period

In its Reply, ECF 42, Defendant also contends that Plaintiff failed to comply with the Plan's limitations period requiring, as relevant here, that a lawsuit be filed no later than two years from the

date the expense was incurred. The expense was incurred on December 30, 2016, and this action was filed October 29, 2019 in the District Court for Denver County, Colorado, then removed to this Court on November 22, 2019. ECF 1. The Tenth Circuit has held that "[p]arties to an ERISA plan are free . . . to include a reasonable contractual limitations period in the plan." *Young v. United Parcel Servs., Inc. Employees' Short Term Disability Plan*, 416 F. App'x 734, 737 (10th Cir. 2011). In *Young*, the court upheld dismissal under 12(b)(6) for violation of the contractual limitations provision in the Plan. Here, under Plaintiff's own theory of exhaustion, Defendant notified Plaintiff on June 28, 2017, that it was making a final denial, and that all levels of the appeal process were exhausted. At the very least, it appears that a lawsuit should have been filed within two years of *that* date. However, "a party waives issues and arguments raised for the first time in a reply brief." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011); *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 322 F. Supp. 3d 1134, 1146 n.17 (D. Colo. 2018) ("Arguments raised for the first time in a reply brief are generally forfeited."). Under clear precedent, this argument concerning contractual time limitation is waived.

## **CONCLUSION**

Because I find Plaintiff has not pleaded facts amounting to a confession of a failure to exhaust remedies, I respectfully recommend that Judge Moore **deny** the Motion to Dismiss without prejudice insofar as it seeks dismissal for failure to plead exhaustion of administrative remedies. I also respectfully recommend that Judge Moore find the Plaintiff has withdrawn a jury demand and a claim against Defendant under 29 U.S.C. § 1332(c), and that those matters be **dismissed with**

**prejudice**.[3]

Dated at Denver, Colorado, this 31st day of March, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3]Be advised that all parties shall have fourteen days after service to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).