IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-03301-RM-MEH

BRIANA SEVERINE,

   Plaintiff,

v.

ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,

   Defendant.

## ORDER

This matter is before the Court on the following matters: (1) Plaintiff's Notice of Supplemental Authority (the "Notice") (ECF No. 134); (2) Defendant's Objections to Plaintiff's Notice (the "Objection")[1] (ECF No. 137); and (3) Plaintiff's Motion for Leave to file a Response to Defendant's Objection (ECF No. 138). The Court finds no further briefing is required to resolve the issues at hand. *See* D.C.COLO.LCivR 7.1(d).

On December 13, 2019, Defendant filed its Motion to Dismiss; at that time the case was assigned to Magistrate Judge Hegarty. Thereafter, on December 16, 2019, due to non-consent by at least one party, the case was reassigned to the undersigned. After the case was reassigned, this Court referred the Motion to Dismiss to the Magistrate Judge for a recommendation. The Magistrate Judge recommended the denial of the Motion to Dismiss, to which Defendant filed an objection. Thereafter, Plaintiff requested leave to amend. The Magistrate Judge ordered the motion to amend be granted and recommended the Motion to Dismiss be denied as moot. Defendant filed an objection to that order and recommendation. These matters are all pending.

---
[1] Because the Objection seeks relief, the Court will construe it as a motion in this instance.

Recently, on December 18, 2020, Plaintiff filed a notice of supplemental authority, notifying the Court of *its* Civil Practice Standards (the "Standards") which require the parties to confer prior to filing a motion to dismiss. Specifically, the Standards require conferral about whether the claimed deficiency in the complaint can be corrected by amendment. Plaintiff now argues that Defendant failed to confer prior to filing its Motion to Dismiss, in violation of the Standards, and that this alleged failure is relevant to the pending matters. Defendant's Objection followed, asking the Court to strike Plaintiff's Notice. Defendant argues the Court's Standards are not "supplemental authority"; that its Motion to Dismiss was filed before this case was reassigned to the undersigned; and that it did nonetheless confer about the faults with Plaintiff's complaint prior to filing the Motion to Dismiss. Plaintiff now seeks leave to respond to Defendant's Objection, raising a number of arguments. The Court has considered Plaintiff's arguments, finds it needs no further briefing on these arguments, and rejects such arguments.

First, the Court finds whether Defendant conferred as required under the Standards is irrelevant. On the date that Defendant filed the Motion to Dismiss, this case had not been reassigned to the undersigned.[2] Therefore, the Standards were inapplicable.[3] For this reason alone, Plaintiff's Notice is rejected.

Next, the Standards allow parties to notify the Court of any relevant "supplemental authority" and to provide a copy of such authority. Plaintiff's Notice, however, does not notify the Court of any "supplemental authority" within the contemplation of the Standard cited. This Standard is analogous to Fed. R. App. P. 28(j), the purpose of which, as relevant here, is to advise the Court of new relevant authorities a party has learned of after briefing is completed,

---

[2] There is no contention that the Motion to Dismiss violated any standards of Magistrate Judge Hegarty to whom the case had been assigned on that date.

[3] That is not to say, however, that the Court, upon any reassignment, may not order parties to refile motions to comply with its Standards.

and to provide copies of the same. *See Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013). Plaintiff's Notice does nothing more than point to – and provide a copy of – the Court's own Standards.

In summary, the Court agrees with Defendant. It is therefore **ORDERED**

(1) That Defendant's Objection (ECF No. 137), which the Court construes as a motion, is GRANTED;

(2) That Plaintiff's Notice of Supplemental Authority (ECF No. 134) is STRICKEN; and

(3) That Plaintiff's Motion for Leave to File a Response (ECF No. 138) is DENIED.

DATED this 8th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge