IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-03301-RM-MEH

BRIANA SEVERINE,

     Plaintiff,

v.

ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,

     Defendant.

_____

## ORDER

_____

     This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") (ECF No. 49) on Defendant's Motion to Dismiss and Motion to Strike (the "Motion") (ECF No. 16). Defendant moved to dismiss alleging Plaintiff failed to plead exhaustion of administrative remedies and failed to state a claim under 29 U.S.C. § 1332(c) of the Employee Retirement Income Security Act of 1974 ("ERISA") (the Third Claim). Defendant moved to strike Plaintiff's jury demand because, under ERISA, Plaintiff is allegedly not entitled to a jury trial. Plaintiff conceded Defendant's Motion as to the Third Claim and withdrew her jury demand. Thus, the only issue is one of exhaustion. The Magistrate Judge recommended denying the Motion based on the failure to exhaust. Defendant's objection followed. After reviewing the court record, the applicable legal authorities, and being otherwise fully advised, the Court finds and orders as follows.

## I.     LEGAL STANDARD

### A.  Objections to Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.  Motions to Dismiss

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 555 (quotation omitted). In determining whether a claim has been plausibly alleged, courts "do not require plaintiffs to establish a prima facie case. Instead, [courts] consider whether [plaintiffs] have set forth a plausible claim in light of the elements of their claim." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020). *See also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (same).

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v.*

*Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Exceptions to this restriction are "(1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice." *Id.* (quotation marks and citations omitted). *See also Smallen v. The W. Union Co.* , 950 F.3d 1297, 1305 (10th Cir. 2020) (same).

## II.   DISCUSSION

### A.  Background

Plaintiff alleges she is insured under a health insurance policy (the "Plan") issued by Defendant. Plaintiff contends she had surgery covered under the Plan but that Defendant wrongfully denied coverage. Plaintiff's action followed, alleging three claims for relief: (1) "De Novo Review" of Defendant's denial of benefits; (2) "Arbitrary and Capricious Review" of Defendant's denial of benefits; and (3) "Wrongful Withholding of Requested Plan Documents." As stated, Defendant moved to dismiss the entire action and to strike the jury demand. Plaintiff withdrew her demand for a jury trial and her Third Claim for relief. The Magistrate Judge recommended dismissing the jury demand; dismissing the Third Claim; and denying the remainder of Defendant's motion, which was based on Plaintiff's alleged failure to exhaust administrative remedies. Defendant's objection to the recommended denial followed. Plaintiff filed no objection.

### B.  Matters to Which There are no Objections

No party objects to the Magistrate Judge's recommendation to dismiss with prejudice Plaintiff's jury demand and Third Claim. As no party objects, and the Court finds no clear error, the Third Claim shall be dismissed with prejudice. As to the jury demand, the Court agrees it has

been withdrawn and therefore strikes and dismisses with prejudice Plaintiff's jury demand.

### C. Defendant's Objection

#### 1. Failure to Exhaust

The Magistrate Judge concluded that exhaustion of administrative remedies is not jurisdictional but an affirmative defense which a Plaintiff generally need not plead. And, further, while dismissal is possible based on an affirmative defense where the pled facts confess this defense, the complaint did not do so here. Defendant objects to both conclusions. The Court starts with the first conclusion.

Defendant relies on *Karls v. Texaco, Inc.*, 139 F. App'x 29, 33 (10th Cir. 2005), an unpublished decision, to support its objection but the Court is not persuaded. The *Karls* Court did affirm the district court's dismissal on the pleadings but its rationale is unclear.

First, the *Karls* Court cited to *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160–61 (11th Cir. 1992) and *Potter v. ICI Ams., Inc.*, 103 F. Supp. 2d 1062, 1065–67 & n. 2 (S.D. Ind. 1999). The *Byrd* Court affirmed the district court's dismissal of two claims without prejudice for failure to plead exhaustion of administrative remedies. The *Potter* Court, however, stated "[f]ailure to exhaust administrative remedies is not an element of a claim under ERISA, rather it is an *affirmative defense*….To support a motion to dismiss under 12(b)(6), the plaintiff's allegations must clearly point to the existence of an affirmative defense." *Potter*, 103 F. Supp. 2d at 1065 (italics added). The *Potter* Court nonetheless went on to examine whether plaintiff sufficiently alleged exhaustion and considered matters outside the pleadings to determine the sufficiency of the allegations. *Id.* at 1066-67.

Second, a review of the district court's opinion in *Karls* shows the district court granted defendant's motion to dismiss under Rule 12(b)(1) asserting lack of standing due to the failure to

4

exhaust. Standing or other requirements which implicate a court's subject matter jurisdiction, however, are not matters which may be excused due to futility or any other exception applicable to exhaustion. *See Holmes v. Colorado Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1204 (10th Cir. 2014) (identifying three exceptions to exhaustion requirement). Accordingly, the Court is not persuaded that the Tenth Circuit would follow *Karls* to find that a plaintiff is required to plead exhaustion of remedies in order to state a claim for relief.

The Court recognizes the issue is undecided in the Tenth Circuit and cases which have decided the issue have gone both ways. Defendant has cited cases which support its position. The Court, however, agrees with the Recommendation and the courts which have found exhaustion to be a non-jurisdictional affirmative defense. *See, e.g., Cottillion v. United Ref. Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (exhaustion an affirmative defense and futility an exception); *Stampone v. Walker*, 722 F. App'x 246, 249 (3d Cir. 2018) (same); *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 439, 446 (2d Cir. 2006) (exhaustion affirmative defense subject to equitable considerations); *Crowell v. Shell Oil Co.*, 541 F.3d 295, 309 n.58 (5th Cir. 2008) ("Other circuits have expressly held that ERISA exhaustion is not jurisdictional, and we agree."). Thus, the fact that Plaintiff is required to exhaust her ERISA claims does not mean she must plead exhaustion in her complaint. *See Jones v. Bock*, 549 U.S. 199, 211, 212, 216 (2007) (Exhaustion is mandatory under the Prison Litigation Reform Act but is an affirmative defense which inmates are not required to plead or demonstrate in their complaints.).

Defendant's argument that, even if exhaustion is an affirmative defense, lack of exhaustion is apparent from Plaintiff's allegations in her complaint is similarly unavailing. Here, Defendant relies on Plaintiff's specific allegations of an appeal after her first denial of benefits but the lack of any specific allegations of an "appeal letter" after the alleged second denial of

benefits. While it is true the words "appeal" is not specifically alleged, Plaintiff alleges more than a "mere[] continuing" request for payment. She alleges that she continued to request payment and provided an expert opinion addressing the "usual and customary amount" of her bills – the very basis on which Defendant allegedly denied benefits the second time. Accordingly, the Court cannot say, after construing the allegations in a light most favorable to Plaintiff and drawing all reasonable inferences in her favor, that it is apparent from the face of the complaint that she failed to exhaust. *See Bistline v. Parker*, 918 F.3d 849, 888-89 (10th Cir. 2019) (dismissal improper based on statute of limitations where plaintiffs did not plead dates which established on face of complaint that claims were time-barred ). Accordingly, Defendant's objections here are overruled.

### 2.  Statute of Limitations

As a final matter, in its reply brief in support of its Motion, Defendant argued Plaintiff failed to comply with the Plan's contractual limitations period. The Magistrate Judge rejected that argument, finding that arguments raised for the first time in a reply brief were waived.[1] Defendant objects, arguing that it could not have raised this argument because Plaintiff's complaint fails to provide any dates and it was not until Plaintiff's response brief that dates were provided showing her claim is time barred.

The Court agrees that Plaintiff's complaint is devoid of allegations as to the dates of her alleged surgery and the denials. But, the allegations are sufficiently specific that Defendant could ascertain such dates from its records and the court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the

---

[1] To be clear, the Court finds the argument waived for the purposes of a decision on the issue based on Defendant's Motion. The Court does not find the issue waived for all purposes, e.g., on a motion for summary judgment. Although the Court does not read the Recommendation to find Defendant forever waived any limitations defense, to the extent Recommendation could be construed as finding a total waiver, any such recommendation is rejected and Defendant's objection on this basis is sustained.

documents' authenticity." *Gee*, 627 F.3d at 1186. Thus, Defendant fails to show it could not have raised this issue in its Motion. Accordingly, this objection is also overruled.[2]

### III.      CONCLUSION

Based on the foregoing, it is **ORDERED**

(1)      That Defendant's Objection (ECF No. 50) is SUSTAINED IN PART and OVERRULED IN PART as stated herein;

(2)      That the Recommendation (ECF No. 49) is ACCEPTED except as stated herein;

(3)      That Plaintiff's Third Claim is hereby DISMISSED WITH PREJUDICE;

(4)      That Plaintiff's jury demand is hereby STRICKEN and DISMISSED WITH PREJUDICE; and

(5)      That Defendant's Motion to Dismiss (ECF No. 16) is (i) DENIED as MOOT as to the striking of the jury demand and dismissal of the Third Claim; and (ii) DENIED as to its request for dismissal based on exhaustion of remedies or as barred by the Plan's contractual limitations.

DATED this 19th day of March, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[2] *See* n.1, *supra*.